## McPHERSON v. CITIZENS' TRUST & SAVINGS BANK OF ABERDEEN, S. D.

(Circuit Court of Appeals, Eighth Circuit.
April 22, 1926.)

No. 7103.

1. **Banks and banking** ⬅️134(7)—**Creditor bank, not assenting to assignment for benefit of creditors, could set off claim against assignor against deposits made by trustee acting under assignment, which was void as to nonassenting creditors.**

Where trustee, appointed in assignment for benefit of creditors, which was void as to nonassenting creditors, deposited money belonging to insolvent in bank which was a nonassenting creditor in his own name as trustee, *held* bank could set off against such account a note due from assignor, and an amount paid on a garnishment in a suit against assignor.

2. **Banks and banking** ⬅️134(7)—**Creditor bank, not assenting to assignment for benefit of creditors, void as to it, held not estopped to set off its claims against deposits made by trustee.**

Creditor bank, not assenting to debtor's assignment for benefit of creditors, which was void as to nonassenting creditors, by accepting deposit made by trustee, *held* not to have thereby recognized assignment and estopped itself from setting off against such deposit its claims against assignor.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by H. E. McPherson, as trustee, etc., against Citizens' Trust & Savings Bank of Aberdeen, S. D. Judgment for defendant, and plaintiff brings error. Affirmed.

Max Stokes, of Aberdeen, S. D. (Ed. L. Grantham, of Aberdeen, S. D., on the brief), for plaintiff in error.

James M. Brown, of Aberdeen, S. D., for defendant in error.

Before LEWIS, Circuit Judge, and MUNGER and JOHNSON, District Judges.

JOHNSON, District Judge. [1] The plaintiff in error, as trustee in bankruptcy of the estate of Arthur Arnett, bankrupt, brought suit in the court below to recover from the defendant in error, Citizens' Trust & Savings Bank, the sum of $1,059.35. This sum was the balance standing to the credit of W. A. Marin, trustee, in his checking account with the bank on February 16, 1923.

The facts upon which the trustee in bankruptcy claims the right to this balance are as follows:

Arthur Arnett was adjudicated a bankrupt on the 3d day of March, 1923. For sev-

eral years prior to that date he had been a merchant doing a general mercantile business at Aberdeen in the state of South Dakota. During all the time that he was engaged in business he had a checking account with the defendant bank and was continuously indebted to it for money borrowed. On the 17th day of January, 1923, his indebtedness to the bank amounted to about $4,850. On that day he made an assignment of all his property for the benefit of his creditors who as third parties should sign the agreement. This agreement authorized the assignee to continue the business, and contained a provision for the extension of time for the payment of the indebtedness owing the subscribing creditors for a period of twelve months from the date of the agreement.

The agreement provided that: "The parties of the third part will not either attempt to enforce or obtain payment of their several respective amounts and demands by legal proceedings or otherwise during the continuance of this trust, and that, if the said third parties or either or any of them shall at any time during the continuance of this trust attempt in any way to enforce payment of their debt against the first party, except through and by said trustee, then such creditor or creditors shall and will thereupon severally pay the respective amounts then due the other creditor parties of the third part, from said party of the first part"; and that "the parties of the third part hereby agree to release said party of the first part from all liability on the amounts due them the same as said first party would be released by proceedings in bankruptcy."

W. A. Marin, the party of the second part, was constituted attorney in fact of the assignor, with authority to carry out the terms of the agreement.

The agreement was not recorded, and no inventory was made as required by the laws of South Dakota. The assignee, Marin, immediately took possession of the business and conducted it until Arnett was adjudicated a bankrupt on the 3d day of March following. The assignee opened a checking account with the defendant bank under the name of "W. A. Marin, trustee," in which the funds received in the conduct of the business by him were deposited. On February 16th the cash balance in this account was $1,059.35. On that day the bank paid $74.44 on a garnishment issued out of the municipal court of the city of Aberdeen in the suit of Harking, Crane, and Noll against Arthur Arnett, and charged the same in the Marin account, and

then credited the balance of the account amounting to $984.91 upon Arnett's note held by the bank.

Did the bank have the right to make this set-off and to charge the amount paid on the garnishment to this account?

It is the contention of the bank that the assignment was void; that W. A. Marin conducted the business as agent of Arnett; that the account standing in the name of Marin represented the money of Arnett and in legal effect was Arnett's account.

The contention of the trustee, to quote the language of his brief, is: "That the bank had no right to offset this account or obligation with the note; that, while it must be admitted that the assignment under which W. A. Marin was operating was void as to creditors not assenting thereto, and the bank did not formally assent or accept the assignment, yet it is plaintiff's contention that the bank, by accepting the deposit in the manner in which it was made, did recognize the assignment, and thereby became a party to the contract and the arrangement, and accepted the deposit under circumstances which characterized and constituted the same a specific deposit or a deposit made for a special purpose; * * * that this instrument of assignment divested Arthur Arnett of the title to the property and invested W. A. Marin with the title as trustee for a specific purpose—that is, the payment of the debts of the said Arthur Arnett; * * * the deposit thus made was a specific deposit upon a contract and agreement between Arthur Arnett and the assignee, as trustee, to which, by accepting the deposit, we contend the bank was a party. Consequently the action of the bank in offsetting the deposit with its note was in violation of its contract regarding the deposit. This deposit was accepted by the bank as bailee for a certain purpose—that is, the application of the proceeds to the payment of the creditors of Arthur Arnett, and subject to which such deposit must be retained and preserved, and the application of same to its obligation was therefore unauthorized."

We are constrained to agree with the contention of the bank. No creditor ever signed the agreement or assented to its terms. The only person interested in the business while in the possession of Marin was Arnett. On the 16th day of February, Marin had no personal interest in the funds on deposit in the bank, and he represented no one with respect to such funds except Arnett. Had Arnett continued to carry on the business personally, it is well settled the bank would have had the right to make the set-off. Studley v. Boylston Bank, 229 U. S. 523, 33 S. Ct. 806, 57 L. Ed. 1313; N. Y. County Bank v. Massey, 192 U. S. 138, 24 S. Ct. 199, 48 L. Ed. 380.

[2] Leaving out of consideration the fact that the issue is not raised in the pleadings, we are unable to perceive any ground for the contention of the trustee that the bank was estopped from making the set-off by accepting the account of the assignee. The bankrupt Arnett cannot complain of the action of the bank, and as his representative the trustee in bankruptcy cannot complain. The creditors of the bankrupt other than the bank may not complain because they never became parties to the agreement or consented to its terms. They could not claim rights under a document which they ignored, and the trustee in bankruptcy may not make claims under it in their behalf which they could not make for themselves. Marin, the assignee, personally had no interest in the fund, and no right to the fund accrued to him as assignee under the assignment which he could transfer to the trustee in bankruptcy by check or otherwise. It is admitted by the trustee that the assignment "was void as to creditors not assenting thereto." There can be no doubt the assignment was void under the statutes of South Dakota as to creditors not assenting thereto. Brekke v. Crew, 43 S. D. 106, 178 N. W. 146.

If the assignment was void and ineffectual as to creditors, if it gave them no interest in the fund, it certainly conferred no right upon the trustee in bankruptcy to secure the fund for their benefit.

The bank had the right to treat the funds in the Marin account as the money of Arnett, and to make the payment on the garnishment and the set-off which it did make.

In view of the conclusion reached, other questions discussed in the briefs will not be noticed.

Judgment affirmed.